**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**TINA C. GOSEY,**

                **Plaintiff,**

    v.                                                              **Case No. 11-C-805**

**AURORA MEDICAL CENTER,**

                **Defendant.**

---

**DECISION AND ORDER**

---

The pro se Plaintiff Tina C. Gosey ("Gosey") commenced this employment discrimination action alleging that her former employer, the Defendant Aurora Medical Center ("Aurora"), discriminated against her based on her race by failing to promote her to the food manager position at Aurora, harassing her, and terminating her employment based on fraudulent information. Gosey has filed a motion for default and default judgement which is addressed herein.

**Motion for Default and Default Judgment**

Gosey requests entry of default and default judgement in the amount of $7.7 million dollars against Aurora. Although not cited by Gosey, Rule 55 of the Federal Rules of Civil Procedure addresses the procedure for obtaining default and default judgment, which is a two-step process. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10A *Federal Practice and Procedure*: Civil 3d § 2682 at 13 (West 1998). The first step is that

"[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). The second step, as indicated by Rule 55(b), involves two alternative approaches for obtaining default judgment. If the plaintiff's claim is for a "sum certain" or an amount that can be made certain by computation, the clerk must enter judgment upon the plaintiff's request, with an affidavit showing the amount due. *See* Fed. R. Civ. P. 55(b)(1). In all other cases, the party must apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(b)(2).

The following facts are relevant to Gosey's motion. On October 3, 2011, Kenosha Country Sheriff's Department Deputy Peter J. Markowski ("Markowski") served the summons in this action upon Aurora. (Docket No. 9.) On October 24, 2011, Aurora filed its answer to the complaint.

The following day, on October 25, 2011, Gosey filed a motion for default and default judgment, with a supporting attachment attesting to the service of the summons upon Aurora, and indicating that Aurora had not responded to the "summons or complaint" within 21 days of October 3, 2011, when the summons was "issued."

The Clerk of Court did not enter default in this action upon Gosey's request, because despite Gosey's representations that Aurora had been served and not responded within 21 days of service, Aurora had filed an answer. The date for the filing of an answer or other responsive pleading is calculated from the date of service. Aurora was served on October 3,

2

2011, presumably pursuant to Wis. Stat. § 801.11, because Aurora was only served with a summons. *See* Fed. R. Civ. P. 4(h)(1)(A).

Rule 12(a)(1) of the Federal Rules of Civil Procedure provides that a defendant must serve an answer within 21 days of being served. Rule 6(a) explains the computation of time under the Federal Rules of Civil Procedure. "When the period is stated in days or a longer unit of time, the day of the event that triggers the period is excluded," every day is counted, and the last day of the period is included. *See* Fed. R. Civ. P. 6(a)(1).

Applying the foregoing, the 21-day period began on October 4, 2011, and ended on October 24, 2011. Aurora filed its answer on that date so it is not in default. As such, default is denied. It follows that because Aurora is not in default, default judgment is also denied. Thus, Gosey's motion for default and default judgment is denied.

**Scheduling Conference**

Given the procedural posture of this action, the Court will set a date for a scheduling conference with the parties, pursuant to Federal Rule of Civil Procedure 16(b). The telephonic scheduling conference is scheduled for January 24, 2012 at 9:30 a.m. (Central Time). The parties or their attorney(s) are expected to be available at that time. The Court will initiate the call.

The purpose of the conference call is to establish a scheduling order which will limit the time:

    1.    to join other parties and to amend the pleadings;

    2.    to file motions; and

3. to complete discovery;

The scheduling order may also:

4. modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

5. provide for the disclosure or discovery of electronically stored information;

6. include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced;

7. the date or dates for conferences before trial, a final pretrial conference, and trial; and

8. any other matters appropriate in the circumstances of the case.

The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). *See* Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in

4

Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case.

The written report must include the telephone numbers where the parties can be reached for this call.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Gosey's motion for default and default judgment (Docket No. 10) is **DENIED**.

The parties **MUST** participate in a telephonic scheduling conference **on January 24, 2012 at 9:30 a.m.** (Central Time).

Dated at Milwaukee, Wisconsin, this 29th day of November, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

5
Case 2:11-cv-00805-RTR   Filed 11/29/11   Page 5 of 6   Document 11

# ATTACHMENT A

**Civil L. R. 16. Pretrial Conferences; Scheduling; Management; Alternative Dispute Resolution.**

(a) Preliminary Pretrial Conferences.

(1) A judge may require the parties to appear to consider the future conduct of the case. The parties must be prepared to discuss the matters enumerated in Fed. R. Civ. P. 16 and Fed. R. Civ. P. 26(f). The parties also should be prepared to state:

(A) the nature of the case in 1 or 2 sentences;

(B) any contemplated motions;

(C) the parties' discovery plan, including the amount of further discovery each party contemplates, the approximate time for completion of discovery, and any disputes regarding discovery;

(D) whether the parties anticipate the disclosure or discovery of electronically stored information;

(E) whether the parties have reached an agreement for asserting post-production claims of privilege or of protection as trial-preparation material, and whether the parties request the judge to enter an order including the agreement;

(F) whether settlement discussions have occurred;(G) the basis for the Court's subject matter jurisdiction; and

(H) such other matters as may affect further scheduling of the case for final disposition.