TINA C. GOSEY,

                Plaintiff,

Case No. 11-cv-805-pp

v.

AURORA MEDICAL CENTER,

                Defendant.

## ORDER DENYING PLAINTIFF'S DEMAND FOR A JURY TRIAL (DKT. NO. 109)

### I. BACKGROUND

Plaintiff Tina C. Gosey filed her complaint in this case on August 24, 2011. Dkt. No. 1. At that time, she was representing herself. The plaintiff's complaint did not contain a demand for a jury trial, and she did not file or serve a separate jury demand. On February 24, 2012, her current counsel filed his notice of appearance. Dkt. No. 15. Four days later, on February 28, 2012, while this case was pending in Judge Randa's court, Judge Randa held a telephonic scheduling conference; the plaintiff's counsel appeared. Dkt. No. 18. The minutes of that conference state: "Counsel were also advised that no jury has been requested. Gosey will file a jury demand." Id. at 2. The plaintiff did not file or serve a jury demand contemporaneously after the conference. On June 24, 2014, over two years later and after the Seventh Circuit had remanded the case to the district court, the court held a telephonic status

1

conference. Dkt. No. 72. The minutes of that conference state: "Whether Gosey has made a jury demand is not entirely clear. If Gosey has not filed a jury demand, Aurora will oppose a jury trial." Id. at 1. Still, the plaintiff did not file or serve a jury demand until September 17, 2015—over four years after she filed her complaint and three and one-half years after her counsel first appeared.[1] For the reasons explained in this order, the court concludes that the plaintiff waived her right to a jury trial, and denies her jury demand.

## II. DISCUSSION

In federal court, a party seeking a jury trial must serve the other party with a written demand "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). A plaintiff seeking a jury trial may include the demand in her complaint. See id. "The right to jury trial is not automatic. If not timely demanded, the right is waived." Gen. Tire & Rubber Co. v. Watkins, 331 F.2d 192, 195 (4th Cir. 1964); Fed. R. Civ. P. 38(b), (d). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Nevertheless, because "the right of jury trial is fundamental, [thus] courts indulge every reasonable presumption against waiver." Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937).

There is no dispute that the plaintiff did not file and serve a jury demand within the time allowed by Rule 38(b). When no party has made a proper jury

---

[1] Gosey's jury demand is made pursuant to Fed. R. Civ. P. 38 and 5(b)(2)(d) and (e). Dkt. No. 109, at 1. Neither of those rules authorize a motion to demand a jury outside the specified time limits. Federal Rule of Civil Procedure 39(b) does, and the court construes Gosey's jury demand to be a motion under that Rule.

2

demand, the case is to be tried to the court. Fed. R. Civ. P. 39(b). Under Rule 39(b), however, notwithstanding the plaintiff's failure to demand a jury, the court in its discretion "may, on motion, order a jury trial on any issue for which a jury might have been demanded." Id. The Seventh Circuit has held that Rule 39(b) allows district courts "to grant an untimely demand for a jury, but only . . . if a good reason for the belated demand is shown." Olympia Express, Inc. v. Linee Aeree Italiana, S.P.A., 509 F.3d 347, 352 (7th Cir. 2007). That court explained that Rule 38 provide a short deadline for demanding a jury trial because "preparation for a trial often depends critically on whether it will be a jury trial or a bench trial." Id. at 351. "Knowing which kind of trial it will be may also facilitate settlement by dispelling a material uncertainty, since some claims are known to be more appealing to juries than to judges, and vice versa." Id.

      The plaintiff filed an affidavit with her jury demand in which she explained that she did not demand a jury while she was representing herself because she mistakenly thought (based on her own research) that it would have cost her a "jury fee of approximately $400.00," in addition to the $350 civil action filing fee that she paid. Dkt. No. 109-1 at ¶3. She stated that she only recently became aware that there is no additional fee to demand a jury trial. Id. at ¶4. But that explanation only covers the six-month period between August 24, 2011 and February 24, 2012, while she was unrepresented.

      The plaintiff's lawyer first appeared in the case on February 24, 2012, and four days later, her lawyer participated in a teleconference in which the

3

court advised the parties that no jury had been demanded. The minutes of that teleconference suggest that the plaintiff might have intended to file a jury demand at that time, but she did not; the reason for that failure is unclear. Instead, the plaintiff did not demand a jury until over three more years had passed, and neither her jury demand nor her affidavit gives any reason why. Having considered the plaintiff's affidavit and the facts reflected in the record, the court finds that the plaintiff failed to make the showing required by Olympia Express because she did not establish "a good reason" why, after she retained counsel, she did not file her jury demand for over three years. For that reason, the court will deny the plaintiff's untimely jury demand.

The plaintiff further claimed in her affidavit that Aurora would suffer "no real or substantial prejudice" if the court ordered a jury trial in this case, and that there is "ample time remaining" for such an order because a trial date has not yet been set. Id. at ¶¶5-6. Aurora responded that its defense strategy for the past four years has depended on the fact that the plaintiff had not demanded a jury trial, and on its understanding that, "if the case went to trial, it would be tried as a bench trial." Dkt. No. 110 at 4. Aurora further stated that it "may have altered its entire case strategy had it thought there was any chance this case would be tried before a jury. Id.

Because the plaintiff gave no reason for failing to demand a jury trial between February 2012 and September 2015, her claim that Aurora would not suffer prejudice if a jury trial were granted appears to be an end-run around Olympia Express. But a district court can grant an untimely jury demand "*only*

4

. . . if a good reason for the belated demand is shown." Olympia Express, 509 F.3d at 352 (emphasis added). Even if the court could grant a motion under Rule 39(b) upon finding that it would not prejudice the non-moving party (which it cannot), the court concludes that Aurora likely would be prejudiced if, at this point, the court were to convert the case from a bench trial to a jury trial. Fact discovery is closed. Two rounds of summary judgment briefing have been completed, along with an intervening appeal. The case has been pending for over four years, and it is scheduled for mediation in the near future. The court finds that, during all of that time, Aurora reasonably believed a judge, not a jury, would be presiding over the trial. Given the critical differences between preparing for a jury trial versus a bench trial, which the Seventh Circuit highlighted in Olympia Express, the court finds that Aurora would be prejudiced if it learned at this late stage that it would have to defend the case before a jury. Id. at 351-52.

### III. CONCLUSION

For the reasons explained in this order, the court finds that the plaintiff has not shown a good reason for her untimely jury demand. The court **DENIES** the plaintiff's demand for a jury trial.

Dated in Milwaukee this 2nd day of October, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge